## 10949

### McDOWELL v. KIMBRELL

#### (118 S. E. 75)

LANDLORD AND TENANT—INJUNCTION AGAINST SALE OF TENANT'S CROPS
BY LANDLORD AND FILING BOND DISCHARGES LANDLORD'S WARRANT.
—In an action by a landlord against a tenant to recover for rent
and advances to the tenant, in which the landlord issued a warrant
to seize crops of the tenant under Civ. Code 1912, § 4166, on de-
fendants getting an injunction against a sale under the warrant
and executing a bond to respond to any judgment which the land-
lord might recover in the main cause, on trial of the main cause di-
recting issues to be framed in accordance with the provisions of
section 4166 was error, since the injunction and bond obligating
defendant to pay the judgment practically discharged the warrant,
and the trial should have proceeded on the issues made by the
pleadings.

Before WILSON, J., Spartanburg, Fall term, 1921. Re-
versed.

Action by W. T. McDowell against Henry Kimbrell.
From order to frame issues defendant appeals.

*Messrs. Nicholls & Wyche,* for appellant, cite: *Injunc-
tion and bond stopped proceeding under I Civ. Code* 1912,
*Sec.* 4166.

*Messrs. R. B. Pasley* and *J. D. Andrews,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

The attorneys in this case appear to have made up their
minds to employ every available and nonavailable implement
of warfare in the legal arsenal, summons, complaint, at-
tachment, warrant to seize crop, answer, counterclaim, reply,
petition, injunction, motion to dissolve attachment, bond,
motion to frame issues, and appeal, and consequently have
presented a tangled web, when the simple process of warrant
to seize crops was available. The matter in its varying

phases was before three Circuit Judges—Judge McIver, Judge Sease, and Judge Wilson.

. The defendant, Kimbrell, was a tenant of the plaintiff, McDowell, of certain lands for the year 1920.

In March, 1921, McDowell instituted an action against Kimbrell and McMillan Bros., claiming that Kimbrell owed him $229.50 for rent and advances. He demanded judgment for that amount and sought to enforce a lien therefor upon certain crops raised by Kimbrell on the place. McMillan Bros. were joined by holders of a crop mortgage given by Kimbrell.

At the time of the commencement of this action McDowell sued out a warrant of attachment under Section 281 of the Code, not an agricultural warrant to seize crops. Whether or not this attachment was served by the Sheriff we are not informed by the record.

In due time the defendant unlimbered his artillery with an answer denying his indebtedness to the plaintiff, setting up a counterclaim for certain articles for which he claimed the plaintiff was indebted to him and for damages for breach of. a rental contract for 1921, and accompanied it with a motion to dissolve the attachment. This motion was heard and granted by Judge McIver on April 4, 1921.

The plaintiff returned to the attack on April 9th, with a warrant to seize crops issued by the Clerk under Section 4166 of Volume 1, Code of Laws A. D. 1912. The record does not disclose the result of this movement, whether actually executed or not.

Without summons or complaint, the defendant then launched a petition, whether in the main cause or not is not stated, against the plaintiff and the sheriff asking for an injunction against the sale under the agricultural warrant. No objection to the form of the proceeding appears to have been made by the plaintiff, McDowell, who made return to the petition. Upon the hearing the Circuit Judge passed an order allowing the defendant, Kimbrell; to give bond in the

sum of $150 to respond to any judgment which McDowell might recover in the main cause, and upon the execution of such bond ordering an injunction against the sale. Kimbrell gave the bond, and no notice of appeal from the order was given.

When the main cause was called for trial, the plaintiff contended that issues be framed under Section 4166, as in the case of the enforcement of an agricultural lien; the defendant, that the case should be tried upon the issues made by the complaint and answer. The Circuit Judge sustained the plaintiff's contention and passed an order, not framing, but directing to be framed, issues "in accordance with the provisions of Section 4166."

From this order the defendant has appealed.

The proceedings to enforce the plaintiff's lien for advances and rent under Section 4166 had been practically discharged by the injunction order and bond of the defendant by which he obligated himself to pay such judgment as the plaintiff might recover against him in the main action. That was the matter at issue between the parties, and the trial should have proceeded upon the issues made therein by the complaint, answer, counterclaim, and reply.

The order appealed from is reversed, and the case remanded to the Circuit Court for trial.